SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

**State v. Mark Jackson; State v. Jamie Monroe** (A-18/19-19) (083286)

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Alvarez's opinion, published at 460 N.J. Super. 258 (App. Div. 2019).)**

**Argued March 17, 2020 -- Decided April 1, 2020**

**PER CURIAM**

In this appeal, the Court considers the Appellate Division's reversal of a trial court order suppressing the content of inmate telephone calls, recordings of which were obtained by the Middlesex County Prosecutor's Office through grand jury subpoenas.

Defendant Mark Jackson was arrested after his mother notified the authorities that he had brought $2600 in stolen coins to her home. The Essex County Correctional facility, where Jackson was incarcerated, permits inmates to make unmonitored and unrecorded telephone calls only to legal counsel and Internal Affairs; all other calls are monitored and recorded. Inmates are informed of the recording policy both at the beginning of each phone call and through a release form, which Jackson signed. Some months after Jackson's arrest, his attorney notified the Prosecutor's Office that Jackson's mother had indicated she could not testify as to who left the coins in her home. A grand jury subpoena directed to the correctional facility requested the recordings of all of Jackson's calls to his mother's number. Once the State received the recordings, the original indictment against Jackson was superseded to include a witness tampering count.

While being processed at a police station for pending drug and firearms offenses, defendant Jamie Monroe called a person also suspected of drug distribution. Monroe was held at the Middlesex County Department of Adult Corrections, which has a policy similar to the one described above regarding the recording of phone calls; it provides both aural and written notice of that policy. The Prosecutor's Office served a grand jury subpoena on the facility for recordings of all calls made to the suspected dealer's number. Upon review, an officer learned that Monroe had called that number and several other numbers to obtain help in laundering money to post bail. Monroe was charged with additional offenses, and those he called were also charged with a number of offenses.

The trial court granted motions to suppress the calls in both cases. The Appellate Division consolidated the cases and reversed. 460 N.J. Super. 258, 266 (App. Div. 2019).

1

The Appellate Division first held that the New Jersey Wiretapping and Electronic Surveillance Control Act (the Act) and Title III of the Federal Omnibus Crime Control and Safe Streets Act of 1968 (Title III) do not apply in this context. Id. at 271-75. Noting that both acts "bar the interception of wire communications" without "a wiretap order or communications data warrant," id. at 271, the court stated that proscription "simply excludes inmate phone calls recorded in prison facilities," id. at 273 (relying on State v. Fornino, 223 N.J. Super. 531, 544-45 (App. Div. 1988), and collecting federal cases). The court reasoned that "[s]ince the recording of such calls is not an interception within the Act or Title III's purview, logically, sharing the information with another law enforcement agency under the authority of a grand jury subpoena is not a violation." Ibid. The court found support for that holding through analogy to the inter-agency sharing of intelligence, which is expressly authorized by both Title III and the Act. Id. at 273-74. Stressing that "[t]he use made by the Prosecutor's Office of these recordings was 'appropriate to the proper performance of the official duties of the officer making or receiving the disclosure'" as required by both 18 U.S.C. § 2517(1) and N.J.S.A. 2A:156A-17(a), the court reasoned that even if Title III and the Act did apply here, "sharing the information inter-agency was nonetheless lawful." Id. at 274-75. And the appellate court found that "[p]roviding the recordings made by the correctional facility to the Prosecutor's Office was not a separate interception." Id. at 275 (collecting cases).

The Appellate Division then determined defendants had no constitutionally protected objectively reasonable expectation of privacy in their recorded phone calls. Id. at 276-77. Noting that "the correctional facilities' interest in maintaining institutional security and public safety outweighs the right to privacy asserted here," the court added that, "if an inmate knows he or she is being monitored and recorded when speaking on the phone, it is unreasonable to conclude either that the inmate retains a reasonable expectation of privacy, or that the inmate's loss of privacy should be limited to the one law enforcement agency . . . that is recording the conversation." Ibid. The court found inapposite a case in which evidence was seized from a hospital room. Id. at 277.

Finally, the Appellate Division noted by way of guidance that "[e]ven when material is obtained contrary to the wiretap laws, and is suppressed, there are circumstances in which it can be used for impeachment purposes." Id. at 278.

The Court granted leave to appeal. 240 N.J. 36 (2019); 240 N.J. 31 (2019).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in that court's opinion.

**AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

SUPREME COURT OF NEW JERSEY

A-18/19 September Term 2019

083286

State of New Jersey,

Plaintiff-Respondent,

v.

Mark Jackson,

Defendant-Appellant.

State of New Jersey,

Plaintiff-Respondent,

v.

Jamie Monroe,

Defendant-Appellant,

and

Kimberly Morgan Besser,
Elizabeth Fusco-Bryant,
Larry Embry, and
Kelly Embry,

Defendants.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
460 N.J. Super. 258 (App. Div. 2019).

1

| Argued | Decided |
| :---: | :---: |
| March 17, 2020 | April 1, 2020 |

Tamar Y. Lerer, Assistant Deputy Public Defender, argued the cause for appellants (Joseph E. Krakora, Public Defender, attorney; Tamar Y. Lerer, and Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the briefs).

David M. Liston, Assistant Prosecutor, argued the cause for respondent (Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney; David M. Liston, on the briefs).

Alexander Shalom argued the cause for amici curiae American Civil Liberties Union, American Civil Liberties Union of New Jersey, National Association of Criminal Defense Lawyers, and Association of Criminal Defense Lawyers of New Jersey (American Civil Liberties Union of New Jersey Foundation, Hyland Levin Shapiro, and Association of Criminal Defense Lawyers of New Jersey, attorneys; Alexander Shalom, Jeanne LoCicero, Daniella Gordon, and Sharon Bittner Kean, on the brief).

Sarah C. Hunt, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Sarah C. Hunt, of counsel and on the brief).

PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Alvarez's opinion, reported at 460 N.J. Super. 258 (App. Div. 2019).

2

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.